UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES A. KOORSEN, JR.            )
                                 )
            Plaintiff,           )
                                 )
vs.                              )           1:10-cv-868-WTL-MJD
                                 )
JEFF BUTLER, et, al.,            )
                                 )
            Defendants.          )

**Entry Discussing Motion for Summary Judgment**

James Koorsen, Jr., invokes 42 U.S.C. § 1983 in seeking redress for his alleged mistreatment while confined in the Richmond State Hospital ("RSH"). The defendants are the Richmond State Hospital, Administrator Jeff Butler, and Nurse Betty Goins and seek resolution of Koorsen's claims through the entry of summary judgment.

Whereupon the court, having read and examined the pleadings, having considered the motion for summary judgment and all briefs and competent evidence pertaining to such motion, and being duly advised, now finds that the motion for summary judgment must be granted. This conclusion is based on the following facts and circumstances.

1. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

   a. The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney v. Speedway SuperAmerica,* LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will

    successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

    b. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact ." Fed.R.Civ.P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

    c. If a party "fails to properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

    2.    "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

    3.    Koorsen sues pursuant to 42 U.S.C. § 1983. This ubiquitous statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

    4.    Koorsen's claims are based on his treatment and the conditions of his confinement at the RSH. He had been committed to that facility after being charged with a criminal offense and before that charge was resolved.

    a.    Pretrial detainees have a right to receive reasonable medical treatment for a serious injury or medical need, including mental health needs. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Collignon v. Milwaukee County,* 163 F.3d 982, 986-87 (7th Cir. 1998). This right is grounded in the Fourteenth Amendment, because the constitutional rights of a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979). Pursuant to constitutional requirements, a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* at 535.

    b.    Not all jail conditions trigger constitutional scrutiny. Only deprivations of "basic human needs," including adequate food, clothing, shelter, medical care, sanitation, and physical safety, or lack of the "minimal civilized measure of life's necessities," rise to that level. *See Sanders v. Sheahan*, 198 F.3d 626, 628 (7th Cir. 1999); *Tesch v. County of Green Lake,* 157 F.3d 465, 475 (7th Cir. 1998); *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996).

    c.    The particular guideline for this constitutional standard is this: The Fourteenth Amendment requires state psychiatric hospitals to provide reasonably safe conditions of confinement to persons involuntarily committed to their care. *See Youngberg v. Romeo,* 457 U.S. 307, 315–16 (1982). While hospital officials are not expected to "protect its residents from all danger of violence," any infringement on absolute safety must comport with due process. *Id.* at 320. Hospital officials violate due process if a decision regarding patient safety evidences "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [the officials] actually did not base the decision on such a judgment." *Youngberg,* 457 U.S. at 323; *see Estate of Conners by Meredith v. O'Connor,* 846 F.2d 1205, 1208 (9th Cir. 1988) ("Liability may be imposed on a professional state officer only when his or her decision is so objectively unreasonable as to demonstrate that he or she actually did not base the challenged decision upon professional judgment."), *cert. denied,* 489 U.S. 1065 (1989).

5.    The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Koorsen as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

- Koorsen was arrested on drug-related charges on December 17, 2009. Those charges were resolved through the entry and acceptance of Koorsen's guilty plea and the imposition of sentence on July 29, 2010.

- The Public Defender filed a *Motion for Psychiatric Evaluation to Determine Competence to Stand Trial* on February 10, 2010. After appropriate examinaminations and a hearing, Koorsen was committed to the State Division of Mental Health and Addiction based on the trial court's finding on April 9, 2010, that Koorsen lacked the ability to understand the proceedings and to assist in the preparation of his defense.

- Koorsen initially reported to the wrong hospital, however, and was actually confined at the RSH from May 18, 2010, until July 26, 2010.

- The defendants are associated with the RSH in the manner already specified. That is, Jeff Butler is the RSH Administrator and Betty Goins is a nurse at the RSH.

- Koorsen received medical care while confined at the RSH. He was not satisifed with that care because he did not agree with it and because he felt that the staff was disrespectful to him.

- Koorsen also complains that Nurse Goins violated privacy laws by opening and reading his mail.

- Koorsen's dissatisfaction with this period transcends the conditions of his confinement at the RSH. Even as expressed though his filings in this case, he was irate at the prosecutor, defense attorney, and judge and with the overall situation in which he had been charged with criminal offenses.

- Koorsen has not presented evidence connecting Administrator Butler or Nurse Goins with specific mistreatment on a specific occasion, nor with a type of mistreatment from which it could be inferred

6.      "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Under the Due Process Clause, the standard with respect to the right to safe conditions of confinement is whether the defendant acted with deliberate indifference towards the plaintiff by ignoring a known and substantial risk to the inmate's safety. *Butera v. Cottey,* 285 F.3d 601, 605 (7th Cir. 2002); see also *Payne v. Churchich,* 161 F.3d 1030, 1041 (7th Cir. 1998) ("A detainee establishes a § 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger."). Deliberate indifference requires a showing of two elements in this setting. *Palmer v. Marion County,* 327 F.3d 588, 593 (7th Cir. 2003). First, a detainee must "objectively show that he was incarcerated under conditions posing a 'substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Second, a detainee must establish that the defendant had "knowledge of and disregarded the risk to his safety.*" Id.* (citing *Farmer,* 511 U.S. at 837 ("[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety.")).

7.      Without exception, the various conditions of Koorsen's confinement at the RSH and his treatment there, did not cross the line into the unconstitutional. See *James v. Milwaukee County,* 956 F.2d 696, 699 (7th Cir. 1992) ("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety."). Even verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 546 (6th Cir.) (citing *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987)), *cert. denied,* 543 U.S. 837 (2004).

8.      If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996). Thus, in § 1983 cases, "the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forth with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[Federal Rule of Civil Procedure 56] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 627–28 (7th Cir. 2006).

9.      Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)), Koorsen has presented no claim of that nature in this case. For the reasons explained in this Entry, therefore, the defendants' motion for summary judgment [24] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/09/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana